UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BRYAN ATKINSON,

Plaintiff

v.
SCOTT J. ISRAEL, in his official
capacity as Sheriff of Broward
County; TODD YODER, EDDY HERNANDEZ, DIMITRI FRENCH,
individually and in their official capacities
as deputy sheriffs for the Broward County
Sheriff's Office.

Defendants.
_____/

# COMPLAINT

Plaintiff, BRYAN ATKINSON, sues Defendants, jointly and severally, and alleges:

# JURISDICTION

1.  This is an action for damages in excess of Fifteen thousand ($15,000.00) dollars, arising out of one or more violations of State and Federal laws, detailed below.

2.  This action is brought pursuant to 42 U.S.C. §§1983, 1988, the Fourth, Amendment to the United States Constitution, and the tort law of Florida.  Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, the constitutional provisions mentioned above, and under the tort law of Florida.

3.  All conditions precedent under Florida law for the filing of this lawsuit have been satisfied.

4.  Plaintiff seeks an award of damages for permanent physical, mental and emotional injuries, loss of enjoyment of life, punitive damages, court costs and attorney fees.

## PARTIES

5.     The Plaintiff BRYAN ATKINSON, at all times material hereto, has been a resident of Broward County, Florida.

6.     Defendant SCOTT J. ISRAEL is the Sheriff of Broward County.  Said Defendant is responsible, as Sheriff, for the conduct of the deputies in his employ and ensuring that his deputies, employees, servants and agents obey the laws of the State of Florida and the United States. Defendant ISRAEL is being sued in his official capacity.

7.     Defendants EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER, at all times material hereto, were duly appointed deputy sheriffs with the Broward County Sheriff's Office, acting under color of law.  Said Defendants are being sued in their individual and official capacities.

8.     Defendants EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER, violated Plaintiff BRYAN ATKINSON's constitutional rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

9.     At all times material hereto, and in all of their acts described herein, Defendants were acting under color of state law and color of their authority as public officials and public employees.

## ALLEGATIONS OF FACT

10.    On or about August 17, 2013, the Plaintiff BRYAN ATKINSON was severely beaten by Defendants EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER, deputy sheriffs with the Broward County Sheriff's office.

11.     At approximately 3:20 a.m., on August 17, 2013, Capitan Fernando Gajate of the Broward Sheriff's Office attempted to stop the vehicle driven by the Plaintiff, BRYAN ATKINSON.

12.     The Plaintiff, BRYAN ATKINSON, failed to stop and was pursued by Captain Fernando Gajate to a parking lot on the corner of Commercial Boulevard and State Road 7 in Broward County Florida where the Plaintiff, BRYAN ATKINSON, exited the vehicle and fled on foot across Commercial Boulevard.

13.     Captain Fernando Gajate remained with the vehicle in the parking lot as it was still occupied by three of the Plaintiff's friends and family members.

14.     Defendants EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER had responded to the area to assist Captain Fernando Gajate and they chased the Plaintiff, BRYAN ATKINSON, on foot.

15.     The chase ended when the Plaintiff, BRYAN ATKINSON, seeing that he could not escape the Defendants, EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER, gave up and laid face down on the ground and put his arms out away from his body.

16.     At that point the Defendants EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER surrounded the Plaintiff, BRYAN ATKINSON, and one of the Defendants said, "if you run like a bitch we are going to beat you like a bitch".

17.     The Defendants EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER then proceeded to punch, kick and stomp on the Plaintiff.

18.      After the beating the Defendants, EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER returned to the vehicle where the Plaintiff's three friends and family members were still seated and in a celebratory fashion bragged to Capitan Fernando Gajate that the Plaintiff, "now had three heads".

19.     The Plaintiff was then transported to Florida Medical Center (FMC) where he stayed for several hours until medical personal at FMC realized that the damage done the Plaintiff's face and brain was more significant than what could be treated at FMC.  The Plaintiff was then transferred to Broward General Medical Center where he was admitted to the intensive care unit where he stayed from August 17th to August 20th.

20.     According the medical records from Broward General Medical Center the Plaintiff suffered a skull fracture that broke both levels of his skull.  This two level break of the skull means that the skull bone directly under the skin of the forehead was fractured as well as the skull bone behind the sinus that is in contact with the brain.  This fracture, as seen on the CT scan, travels from high on the Plaintiff's forehead down through his eye-socket and into his lower cheek bone below his eye.  In addition to this skull fracture and other facial fractures the Plaintiff's brain was bleeding and he suffered numerous bruises and lacerations to his nose, chin, cheek, upper and lower and lips, left ear, forehead, two broken front lower teeth, abrasions to the left shoulder, and feet.  When the Plaintiff was released from jail on August 21st he walked with a noticeable limp from the injuries inflicted to his back and legs. (Exhibit 1 – Composite of photographs taken August 22nd and 23rd, Exhibit 2 – Medical record regarding injuries post assault).

21.     The Defendants, EDDY HERNANDEZ, DIMITRI FRENCH, TODD YODER, were deposed on October 7, 2013 in connection with the Plaintiff's criminal case.  All Defendants stated that the injuries suffered by the Plaintiff resulted from a fall and that no force was used against the Plaintiff during his arrest.

## COUNT 1

### STATE LAW CLAIM AGAINST DEFENDANT SCOTT J. ISRAEL, IN HIS OFFICAL CAPACITY AS THE SHERIFF OF BROWARD COUNTY FOR THE NEGLIGENT RETENTION OF DEFENDANT TODD YODER.

22.     Plaintiffs' reallege paragraphs 1 through 21.

23.     Prior to August 17, 2013, Defendant SCOTT ISRAEL (SHERIFF or BSO) was aware or should have been aware that Defendant Deputy TODD YODER (YODER) was dangerous and incompetent and should not be retained as a deputy or should be assigned to a position where he would not come into contact with the public.

24.     Between November 2007 and April of 2011 BSO investigated nine (9) complaints against YODER.  Of these nine (9) complaints eight (8) were based on the physical violence used by YODER and five (5) of individuals making the complaints required medical attention at the hospital.

25.      Between July of 2008 and June of 2013, YODER, though his violent use of force put thirty-four (34) civilians in the hospital.  During this time period YODER reported to BSO that he used force 34 times and each time YODER used such substantial force that the civilian required treatment at a hospital.

26.     In response to a public records request BSO produced all arrest reports where YODER was the arresting deputy from February 29, 2010 to August 29, 2010.  The reports produced by BSO, covering this six month period, contained three incidents where YODER used force on individuals but did not create a corresponding use of force report as required by BSO.  The three incidents that YODER failed to report his use of force are as follows:

   a.     May 15, 2010 – YODER arrested Kernes Prudhomme and in his arrest report YODER records that when he arrested Mr. Prudhomme he delivered a front leg sweep

causing Prudhomme to go to the ground. YODER also records that Mr. Prudhomme sustained an injury consisting of "abrasions/bruises".

b.  June 20, 2010 – YODER arrested Grebins Nhomme and in his arrest report YODER states that Mr. Nhomme ran from him and that he then deployed his ECD (taser) twice making contact with Mr. Nhomme both times and that he then punched Mr. Nhomme in the face and caused a small laceration. Mr. Nhomme was transported to the hospital for treatment.

c.  July 23, 2010 – YODER chased and apprehended Joel Plummer. According to the police report YODER apprehended Mr. Plummer in the center median of the street and Mr. Plummer suffered "abrasions/bruises" during the apprehension.

27. BSO was aware that YODER had committed prior acts of violence including battery and the use of excessive force against members of the public when he was on duty as a BSO deputy that were never reported by YODER and never investigated by BSO.

28. BSO was aware or should have been aware that YODER was constantly using excessive force and committing batteries against members of the public when he was on duty as a BSO deputy. YODER was never investigated or disciplined for this conduct.

29. YODER was aware that BSO, by and through its supervisory and managerial personnel, was failing to properly discipline deputies who used excessive force and BSO was retaining law enforcement officers who were using excessive force while on duty.

30. BSO was aware or should have been aware, based on YODER'S past conduct, that YODER posed a danger to the people he would encounter as he worked as deputy for BSO and that YODER would injure a third person, such as the PLAINTIFF, growing out of his employment status as a deputy

with BSO. However, BSO, thought its employees, took no action to ensure public safety by either terminating YODER or placing him in a position where he could not victimize members of the public.

31.     As a result of BSO'S continued retention of YODER in a position where he could harm members of public, PLAINTIFF was harmed by YODER on August 17, 2013.

**WHEREFORE**, Plaintiff, demands compensatory damages against BSO, costs, and trial by jury for all issues so triable by right.

## COUNT 2
## 42 U.S.C. §1983 CLAIM AGAINST DEFENDANTS
## TODD YODER, EDDY HERNANDEZ AND DIMITRI FRENCH

32.     The Plaintiff BRYAN ATKINSON realleges paragraphs 1 through 21.

33.     While Defendants YODER and/or HERNANDEZ and/or FRENCH were acting under color of state and federal law as a deputy sheriffs for the Broward County Sheriff's Office/Defendant ISRAEL, they subjected BRYAN ATKINSON to the deprivation of rights and privileges including the constitutional right to be free from the use of excessive force against his person and the right to be free from unlawful searches and seizures under the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

34.      As a direct and proximate cause of the violation of the Plaintiff BRYAN ATKINSON'S constitutional rights by said Defendants, said Plaintiff has suffered severe physical, mental and emotional injuries, and loss of enjoyment of life as heretofore alleged.

35.     42 U.S.C. §1983 provides a remedy for violation of these rights.

**WHEREFORE**, the Plaintiff BRYAN ATKINSON demands compensatory and punitive damages against Defendants YODER and/or HERNANDEZ and/or FRENCH, attorney fees, costs and trial by jury for all issues so triable by right.

Dated:   8/16/15  
Fort Lauderdale, Florida

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

Greg Lauer, Esq.  
Lauer & Currie, P.A.  
644 Se 5 Avenue  
Fort Lauderdale, Fl 33301  
Phone:(954) 533-4498  
Facsimile:   (954) 533-4501

By:   S/Greg M. Lauer  
Greg M. Lauer  
Fla. Bar No. 652709  
*greg@law-lc.com*

Christina Currie, Esq.  
Lauer & Currie, P.A.  
644 Se 5 Avenue  
Fort Lauderdale, Fl 33301  
Phone:(954) 533-4498  
Facsimile:   (954) 533-4501

By:  S/Christina M. Currie  
Christina M. Currie Fla. Bar No. 90987   *cmc@law-lc.com*